IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL R. ANDRE, an individual,

       Plaintiff,

1:11-cv-3077-CL

v.

**ORDER**

BANK OF AMERICA, N.A.;
COUNTRYWIDE HOME LOANS, INC.,
a New York Corporation; and
BAC HOME LOANS SERVICING, LP,

       Defendants.

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation, and the matter is now before me. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Although no objections have been filed, I review the legal principles *de novo*. See Lorin Corp.

1 - ORDER

v Goto & Co., Ltd., 700 F.2d 1202, 1206 (9th Cir. 1983). I adopt the report as to plaintiff's claim of negligent misrepresentation. I decline to adopt the report as to plaintiff's claims of breach of contract and intentional infliction of emotional distress.

## STANDARDS

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002). If the well-pleaded factual allegations plausibly give rise to the relief sought, a court shall deny the motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).

## DISCUSSION

As noted, I construe all alleged facts as both true and in the light most favorable to plaintiff. Therefore, defendants informed plaintiff that in order to be considered for a loan modification, plaintiff would first have to default. (Compl. ¶ 5.) Although plaintiff had yet to miss any payments, plaintiff chose to default in reliance on defendants' representations that they would not foreclose on plaintiff's home during the loan modification review period. (Compl. ¶ 6.) Defendants informed plaintiff that they could not proceed with a foreclosure while plaintiff was in the loan modification program. (Compl. ¶ 20.)

On June 28, 2009, although plaintiff had yet to receive the necessary paperwork, defendants assured plaintiff that they could

2 - ORDER

not go ahead with the foreclosure sale scheduled for July 1, 2009. (Compl. ¶ 20.) Defendants told plaintiff not to worry about the upcoming sale because plaintiff was still under review and it would be illegal for defendants to proceed with the sale as scheduled. (Compl. ¶ 20.) On July 1, 2009, defendants sold plaintiff's home "during a period in which Defendants told Plaintiff that he was still in workout status or under review." (Compl. ¶ 25.) After defendants sold plaintiff's home, defendants informed plaintiff that his application had been denied on June 9, 2009.

As noted, I assume the above alleged facts are true and construe those facts in the light most favorable to plaintiff. American Family, 277 F.3d at 1120.

**Negligent Misrepresentation**

I agree with Judge Clarke that the parties involved were in an arms length relationship. I adopt Judge Clarke's report as to plaintiff's claim of negligent misrepresentation. I decline to determine whether plaintiff adequately pleaded fraud or fraudulent misrepresentation. As noted below, plaintiff is granted leave to file an amended complaint.

**Breach of Contract**

Defendants state that defendants received nothing from the alleged modification other than benefits to which they were already entitled. I disagree. Construed in the light most favorable to plaintiff, plaintiff alleges that he only defaulted

3 - ORDER

based on defendants' representations that they would consider plaintiff's application for a modification, and that defendants could not legally foreclose during that workout period. Absent such representations from defendants, plaintiff would not have defaulted on the original loan. In other words, defendants received late fees and the like only as a result of the parties' modification of the original contract. Additionally, even assuming there was no consideration given by plaintiff, that would not bar plaintiff from stating a claim based on promissory estoppel. See Schafer v. Fraser, 206 Or. 446, 480-81 (1955). I reject defendants' contention that because plaintiff defaulted on the underlying note, plaintiff is somehow prevented from applying for equitable estoppel.

As to whether plaintiff alleged any facts demonstrating the parties agreed to modify the forebearance section of the deed of trust, plaintiff alleges that "Defendants further agreed not to foreclose while Plaintiff's loan was in workout status or in review." (Compl. ¶ 34.) Construed in the light most favorable to plaintiff, I conclude plaintiff sufficiently alleges the parties mutually bargained over the forebearance waiver prior to the modification.

### Intentional Infliction of Emotional Distress

Plaintiff alleges defendants intentionally induced plaintiff to default, and then intentionally induced plaintiff to wait months for documents defendants knew they would not provide, with

4 - ORDER

the sole purpose of foreclosing on plaintiff's home due to plaintiff's failure to submit the required paperwork. On June 28, 2009, defendants lied to plaintiff by stating that because plaintiff's application was still under review, it would be illegal for defendants to proceed with the July 1 sale. In fact, defendants had denied plaintiff's application on June 9, 2009.

Plaintiff alleges that defendants stated that in order to be considered for a loan modification, plaintiff would first have to default. Plaintiff alleges that absent plaintiff's promise to review his application for a modification (and to hold off on a foreclosure during that process), plaintiff would not have defaulted. Plaintiff had not been in default prior to defendants' assurances. I must accept those allegations as true.

Plaintiff alleges sufficient facts to demonstrate that defendants had ulterior motives in stringing plaintiff along; defendants needed plaintiff to default in order to foreclose on the property. Defendants' argument - essentially that plaintiff was never promised that the loan would end up being modified, and that the deed of trust itself authorized a foreclosure sale - misses the mark. I conclude that at this stage, plaintiff alleges sufficient facts to demonstrate defendants' conduct was both outrageous and outside the bounds of socially tolerable conduct.

**CONCLUSION**

I adopt Magistrate Judge Clarke's Report and Recommendation (#17) as to plaintiff's claim of negligent misrepresentation.

5 - ORDER

Because plaintiff did not specifically bring a claim for fraud or fraudulent misrepresentation, I make no conclusions as to whether plaintiff adequately pleaded such a claim. I deny the motion to dismiss as to plaintiff's claims of breach of contract and intentional infliction of emotional distress. Plaintiff is granted 14 days leave to file an amended complaint.

    IT IS SO ORDERED.

    DATED this  २/  day of March, 2012.

                                    _____
                                    OWEN M. PANNER
                                    U.S. DISTRICT JUDGE